IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50864
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JOSÉ ANGEL ALVAREZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-99-CR-410-1-DB
--------------------
April 11, 2000

Before WIENER, DeMOSS, and PARKER, Circuit Judges.

PER CURIAM:[*]

José Angel Alvarez was convicted in a bench trial of conspiracy and possession of cocaine with the intent to distribute in violation of 21 U.S.C. §§ 846 and 841(a)(1). Alvarez appeals the district court's decision not to suppress the evidence found in the vehicle parked in the driveway of the residence. He contends that the vehicle was within the curtilage of the dwelling and should be placed under the home's umbrella of Fourth Amendment protection.

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

In reviewing the denial of a motion to suppress, the district court's findings of fact are accepted as true unless clearly erroneous and its conclusions regarding the constitutionality of law enforcement actions are reviewed de novo. United States v. Orozco, 191 F.3d 578, 581 (5th Cir. 1999), cert. denied, 120 S. Ct. 996 (2000).

The "curtilage" of a home is protected by the Fourth Amendment from unconstitutional searches. United States v. Dunn, 480 U.S. 294, 300 (1987). A four-factor test is used to determine if an area is within the curtilage: (1) the proximity of the area to the home, (2) whether it is within an enclosure surrounding the home, (3) the nature of the uses to which the area is put, and (4) the steps taken by the resident to protect the area from outside observation. United States v. Thomas, 120 F.3d 564, 571 (5th Cir. 1997).

The district court's finding that the driveway is not within the curtilage of the home is not clearly erroneous. The driveway is an area open to the plain view of anyone passing on the street. It is open to anyone who wants to use the driveway because it is not surrounded by a fence. Alvarez evidently did not take any steps to protect the privacy of the driveway and, therefore, could not have had a reasonable expectation of privacy in the area. This holding is consistent with those of other circuits. See, e.g., United States v. McIver, 186 F.3d 1119, 1126 (9th Cir. 1999), cert. denied, 120 S. Ct. 1210 (2000); United States v. Penny, 837 F.2d 595, 597 (2d Cir. 1988). Accordingly, the judgement of the district court is AFFIRMED.

AFFIRMED.